IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lee Byrd, ) | Case No.: 5:22-cv-3284-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| J. Reuben Long Detention Center; Officer ) | |
| Barrow; and Officer Isom, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 11.) Plaintiff Christopher Lee Byrd ("Plaintiff" or "Byrd"), proceeding *pro se* brought this action against Defendants J. Reuben Long Detention Center, Officer Barrow, and Officer Isom (collectively "Defendants"), alleging violations of his civil rights because he was served a lunch without a drink. (DE 1, p. 4.)

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge found that "Plaintiff's claim that J. Reuben Long Detention Center failed to provide him with something to drink during one meal fails to rise to the level of an extreme deprivation of a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

basic human need." (DE 11, p. 3.) The Magistrate Judge also found that "Plaintiff has also failed to allege he suffered serious or significant pain or injury. Plaintiff did not claim he suffered any injuries nor was there any allegations of ill health from the missing drink." (Id.) Accordingly, the Report was issued on October 4, 2022, recommending this action be summarily dismissed. (DE 11, p. 3.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 11) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 19, 2022

NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.